FILED
CLERK, U.S. DISTRICT COURT

03/18/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   BILLY JOE MCLAIN (Cal. Bar No. 290682)
4  BRANDON E. MARTINEZ-JONES (Cal. Bar No. 318749)
   Assistant United States Attorneys
5  Public Corruption & Civil Rights/
   General Crimes Sections
6       15/1100 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-6702/7161
8       E-mails:  billy.mclain@usdoj.gov
                  brandon.martinez-jones@usdoj.gov
9

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11                    UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No.  5:24-cr-00074-JGB

14            Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                      MILTON HUFF
15                 v.

16 MILTON HUFF,

17            Defendant.

18

19      1.   This constitutes the plea agreement between MILTON HUFF

20 ("defendant") and the United States Attorney's Office for the Central

21 District of California (the "USAO") in the investigation of

22 defendant's murder of victim D.S.  This agreement is limited to the

23 USAO and cannot bind any other federal, state, local, or foreign

24 prosecuting, enforcement, administrative, or regulatory authorities.

25      2.   Defendant understands and agrees that this agreement is

26 part of a "package deal" in which the disposition of the case against

27 defendant is tied to and conditioned on the disposition of the case

28

1   against one other defendant, namely, SAMUEL MERTZ.  Accordingly,

2   defendant and the USAO agree that this agreement and the obligations

3   it creates will not become binding on the USAO and defendant unless

4   and until: (a) defendant executes this agreement and enters a guilty

5   plea in accordance with this Agreement; and (b) SAMUEL MERTZ executes

6   his plea agreement with the USAO and enters a guilty plea in

7   accordance with that agreement.  Defendant acknowledges that

8   defendant has discussed with defendant's attorney, and carefully

9   considered, the possible advantages and disadvantages to defendant of

10   entering into this agreement as part of the package deal; defendant

11   is entering into this agreement as part of the package deal freely

12   and voluntarily because defendant believes this agreement and the

13   package deal to be in defendant's best interests; and defendant is

14   not entering into this agreement as part of the package deal because

15   of threats, coercion, or other undue influence by the USAO or by the

16   other defendant who is part of the package deal, that defendant's

17   counsel, or anyone acting on that defendant's behalf.

18   <u>RULE 11(c)(1)(C) AGREEMENT</u>

19      3.    Defendant understands that this agreement is entered into

20   pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

21   Accordingly, defendant understands that, if the Court determines that

22   it will not accept this agreement, absent a breach of this agreement

23   by defendant prior to that determination and whether or not defendant

24   elects to withdraw any guilty plea entered pursuant to this

25   agreement, this agreement will, with the exception of paragraph 23

26   below, be rendered null and void and both defendant and the USAO will

27   be relieved of their obligations under this agreement.  Defendant

28   agrees, however, that if defendant breaches this agreement prior to

the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 26 and 27 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

4.    Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear in person or by VTC and plead guilty to Count 1 of the information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with murder in the first degree within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. §§ 1111, 7(3).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence in accordance with paragraph 16 of this agreement.

d.    Appear in person or by VTC for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing

Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

   h.   Defendant agrees to pay any restitution ordered by the Court, consistent with 18 U.S.C. §§ 3663, 3663A.

### THE USAO'S OBLIGATIONS

5.   The USAO agrees to:

   a.   Not contest facts agreed to in this agreement.

   b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence in accordance with paragraph 16 of this agreement.

   c.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for criminal violations arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 12 below, including for criminal violations of 18 U.S.C. § 1959(a) (federal VICAR) or 18 U.S.C. § 1962 (federal RICO).  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

### NATURE OF THE OFFENSE

6.   Defendant understands that for defendant to be guilty of the crime charged in Count 1, that is, murder in the first degree

1   within the special maritime and territorial jurisdiction of the

2   United States, in violation of Title 18, United States Code, Sections

3   1111 and 7(3), the following must be true:

4           a.   Defendant unlawfully killed D.S.;

5           b.   Defendant killed D.S. with malice aforethought;

6           c.   The killing was premeditated; and

7           d.   The killing occurred at United States Penitentiary

8   Victorville ("USP Victorville"), a place within the special maritime

9   and territorial jurisdiction of the United States.

10      To kill with malice aforethought means to kill either

11   deliberately and intentionally or recklessly with extreme disregard

12   for human life.  Premeditation means with planning and deliberation.

13   The amount of time needed for premeditation must be long enough,

14   after forming the intent to kill, for a killer to have been fully

15   conscious of the intent and to have considered the killing.  The

16   "special maritime and territorial jurisdiction of the United States"

17   includes any lands reserved or acquired for the use of, and under the

18   exclusive or concurrent jurisdiction of, the United States, or any

19   place purchased or otherwise acquired by the United States by consent

20   of the legislature of the State in which the same shall be for the

21   erection of a needful building.

22                  PENALTIES AND RESTITUTION

23      7.   Defendant understands that because the government is not

24   seeking the death penalty in this case, the statutory maximum

25   sentence that the Court can impose for a violation of Title 18,

26   United States Code, Section 1111, is: a sentence of life

27   imprisonment; a five-year period of supervised release; a fine of

28   $250,000, or twice the gross gain or gross loss resulting from the

offense, whichever is greatest; and a mandatory special assessment of

$100.   Additionally, defendant understands that the statutory

mandatory minimum sentence that the Court must impose for a violation

of Title 18, United States Code, Section 1111, is: life imprisonment

and a mandatory special assessment of $100.

8.   Defendant understands that defendant will be required to

pay full restitution **that the Court orders** to the victim(s) of the

offense to which defendant is pleading guilty, consistent with 18

U.S.C. §§ 3663, 3663A.

9.   Defendant understands that supervised release is a period

of time following imprisonment during which defendant will be subject

to various restrictions and requirements.   Defendant understands that

if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the

offense that resulted in the term of supervised release.

10.   Defendant understands that, by pleading guilty, defendant

may be giving up valuable government benefits and valuable civic

rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury.

Defendant understands that he is pleading guilty to a felony and that

it is a federal crime for a convicted felon to possess a firearm or

ammunition.   Defendant understands that the conviction in this case

may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a

professional license.   Defendant understands that unanticipated

1  collateral consequences will not serve as grounds to withdraw

2  defendant's guilty plea.

3      11.  Defendant and his counsel have discussed the fact that, and

4  defendant understands that, if defendant is not a United States

5  citizen, the conviction in this case makes it practically inevitable

6  and a virtual certainty that defendant will be removed or deported

7  from the United States.  Defendant may also be denied United States

8  citizenship and admission to the United States in the future.

9  Defendant understands that while there may be arguments that

10 defendant can raise in immigration proceedings to avoid or delay

11 removal, removal is presumptively mandatory and a virtual certainty

12 in this case.  Defendant further understands that removal and

13 immigration consequences are the subject of a separate proceeding and

14 that no one, including his attorney or the Court, can predict to an

15 absolute certainty the effect of his conviction on his immigration

16 status.  Defendant nevertheless affirms that he wants to plead guilty

17 regardless of any immigration consequences that his plea may entail,

18 even if the consequence is automatic removal from the United States.

19                        FACTUAL BASIS

20      12.  Defendant admits that defendant is, in fact, guilty of the

21 offense to which defendant is agreeing to plead guilty.  Defendant

22 and the USAO agree to the statement of facts provided below and agree

23 that this statement of facts is sufficient to support a plea of

24 guilty to the charge described in this agreement and to establish the

25 Sentencing Guidelines factors set forth in paragraph 14 below but is

26 not meant to be a complete recitation of all facts relevant to the

27 underlying criminal conduct or all facts known to either party that

28 relate to that conduct.

On or about November 13, 2013, in San Bernardino County, within the Central District of California, defendant murdered victim D.S. at USP Victorville, which is within the special maritime and territorial jurisdiction of the United States. Specifically, on that date, defendant used a metal shank to stab victim D.S., resulting in victim D.S.'s death. Defendant unlawfully killed victim D.S. with malice aforethought, that is, deliberately and intentionally, without lawful excuse or justification. Defendant's killing of victim D.S. was premeditated, that is, defendant formed the intent to kill, was fully conscious of the intent to kill, and considered the killing of victim D.S. before killing victim D.S.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

13. Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 43 | U.S.S.G. § 2A1.1(a) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(b) |
| Total Offense Level: | 40 | |

15. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO agree that, taking into account the efficient resolution of this case, the statutory mandatory minimum sentence, the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of: life imprisonment; 5 years' supervised release with conditions to be fixed by the Court; no fine; $100 special assessment; and restitution to be determined by the Court.  The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

1        g.   The right not to be compelled to testify, and, if

2  defendant chose not to testify or present evidence, to have that

3  choice not be used against defendant.

4        h.   Any and all rights to pursue any affirmative defenses,

5  Fourth Amendment or Fifth Amendment claims, and other pretrial

6  motions that have been filed or could be filed.

7                  WAIVER OF JURISDICTION

8     18.  Defendant has been fully advised by his attorneys regarding

9  the requirement that the government prove beyond a reasonable doubt

10  at trial that USP Victorville is within the "special maritime and

11  territorial jurisdiction of the United States," meaning any lands

12  reserved or acquired for the use of the United States, and under the

13  exclusive or concurrent jurisdiction thereof, or any place purchased

14  or otherwise acquired by the United States by consent of the

15  legislature of the State in which the same shall be, for the erection

16  of a fort, magazine, arsenal, dockyard, or other needful building.

17  Defendant hereby knowingly, voluntarily, and intelligently waives,

18  relinquishes, and gives up: (a) any right that defendant might have

19  not to be prosecuted for the offense to which defendant is pleading

20  guilty because USP Victorville is not within the "special maritime

21  and territorial jurisdiction of the United States"; and (b) any

22  defense, claim, or argument defendant could raise or assert that

23  prosecution of the offense to which defendant is pleading guilty is

24  barred because the USP Victorville is not within the "special

25  maritime and territorial jurisdiction of the United States."

26            WAIVER OF APPEAL OF CONVICTION

27     19.  Defendant understands that, with the exception of an appeal

28  based on a claim that defendant's guilty plea was involuntary, by

pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

20.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 16 above, defendant gives up the right to appeal any portion of that sentence and the procedures and calculations used to determine and impose any portion of that sentence.  However, defendant reserves the right to appeal the Court's order of restitution.

21.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 16 above, the USAO gives up its right to appeal any portion of that sentence and the procedures and calculations used to determine and impose any portion of that sentence.

<u>WAIVER OF COLLATERAL ATTACK</u>

22.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty

11

1  are unconstitutional and any and all claims that the statement of

2  facts provided herein is insufficient to support defendant's plea of

3  guilty.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

5      23.  Defendant agrees that if, after entering a guilty plea

6  pursuant to this agreement, defendant seeks to withdraw and succeeds

7  in withdrawing defendant's guilty plea on any basis other than a

8  claim and finding that entry into this plea agreement was

9  involuntary, then (a) the USAO will be relieved of all of its

10  obligations under this agreement; and (b) should the USAO choose to

11  pursue any charge that was either dismissed or not filed as a result

12  of this agreement, then (i) any applicable statute of limitations

13  will be tolled between the date of defendant's signing of this

14  agreement and the filing commencing any such action; and

15  (ii) defendant waives and gives up all defenses based on the statute

16  of limitations, any claim of pre-indictment delay, or any speedy

17  trial claim with respect to any such action, except to the extent

18  that such defenses existed as of the date of defendant's signing this

19  agreement.

### RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

21      24.  Defendant agrees that if the count of conviction is

22  vacated, reversed, or set aside, both the USAO and defendant will be

23  released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

25      25.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

1  extent that such defenses existed as of the date of defendant's

2  signing this agreement.

3       c.   Defendant agrees that: (i) any statements made by

4  defendant, under oath, at the guilty plea hearing (if such a hearing

5  occurred prior to the breach); (ii) the agreed-to factual basis

6  statement in this agreement; and (iii) any evidence derived from such

7  statements shall be admissible against defendant in any such action

8  against defendant, and defendant waives and gives up any claim under

9  the United States Constitution, any statute, Rule 410 of the Federal

10 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

11 Procedure, or any other federal rule, that the statements or any

12 evidence derived from the statements should be suppressed or are

13 inadmissible.

14       <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

15            <u>OFFICE NOT PARTIES</u>

16  28.  Defendant understands that the Court and the United States

17 Probation and Pretrial Services Office are not parties to this

18 agreement and need not accept any of the USAO's sentencing

19 recommendations or the parties' agreements to facts, sentencing

20 factors, or sentencing.  Defendant understands that the Court will

21 determine the facts, sentencing factors, and other considerations

22 relevant to sentencing and will decide for itself whether to accept

23 and agree to be bound by this agreement.

24  29.  Defendant understands that both defendant and the USAO are

25 free to: (a) supplement the facts by supplying relevant information

26 to the United States Probation and Pretrial Services Office and the

27 Court, (b) correct any and all factual misstatements relating to the

28 Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 14 and 16 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

30.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

1           <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2     31.  The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 E. MARTIN ESTRADA
  United States Attorney

9

10                                           3/14/24

11 BILLY JOE MCLAIN                   Date
  BRANDON MARTINEZ-JONES
  Assistant United States Attorneys

12

13 MILTON HUFF                      MARCH 1, 2024
  Defendant                       Date

14

15                                          3/13/24
  MARK DONAVELLI                Date
16 HOWARD SHNEIDER
  Attorneys for Defendant MILTON
17 HUFF

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

MILTON HUFF
Defendant

MARCH 1, 2024
Date

17

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am MILTON HUFF's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        3/13/24
MARK DONATELLI                          _____
HOWARD SHNEIDER                         Date
Attorney for Defendant MILTON HUFF

# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

MILTON HUFF and
SAMUEL MERTZ,

      Defendants.

ED CR No.

I N F O R M A T I O N

[18 U.S.C. §§ 1111, 7(3): First
Degree Murder; 18 U.S.C. §§ 1111,
7(3): Second Degree Murder]

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1111, 7(3)]

On or about November 13, 2013, in San Bernardino County, within the Central District of California, and within the special maritime and territorial jurisdiction of the United States, namely, the United States Penitentiary at Victorville, California, defendant MILTON HUFF, willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully killed victim D.S., a human being.

1

2                                  COUNT TWO

3                          [18 U.S.C. §§ 1111, 7(3)]

4        On or about November 13, 2013, in San Bernardino County, within

5   the Central District of California, and within the special maritime

6   and territorial jurisdiction of the United States, namely, the United

7   States Penitentiary at Victorville, California, defendant SAMUEL

8   MERTZ, deliberately, intentionally, and recklessly with extreme

9   disregard for human life, and with malice aforethought, unlawfully

10  killed victim D.S., a human being.

11

12
                                    E. MARTIN ESTRADA
13                                  United States Attorney

14

15

16                                  MACK E. JENKINS
                                    Assistant United States Attorney
17                                  Chief, Criminal Division

18                                  JOSHUA O. MAUSNER
                                    Assistant United States Attorney
19                                  Chief, Violent and Organized
                                    Crime Section
20
                                    BILLY JOE MCLAIN
21                                  Assistant United States Attorney
                                    Public Corruption and Civil
22                                  Rights Section

23                                  BRANDON MARTINEZ-JONES
                                    Assistant United States Attorney
24                                  General Crimes Section

25

26

27

28